# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PATRICK KELLOGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-CV-153 |
| | ) |
| CHATTANOOGA POLICE DEPARTMENT, | ) |
| And AFTON YATES, Chattanooga Police | ) |
| Officer, in her official capacity, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Patrick Kellogg, acting *pro se*, brings this action against the Chattanooga Police Department and Officer Afton Yates alleging false arrest, false imprisonment, and malicious prosecution arising from his arrest on August 17, 2016.

Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), stating the statute of limitations has expired on Kellogg's false arrest and false imprisonment claims. In addition, the existence of probable cause defeats Kellogg's malicious prosecution claim. Finally, the City asserts it cannot be held liable based on *respondeat superior.* Defendants' arguments have merit and for the reasons stated, defendants' motion will be granted and this action dismissed.

## I. Background

Kellogg filed his initial Complaint on July 12, 2018. After an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge found the Complaint failed to

state a claim for which relief could be granted and ordered Kellogg to file an amended complaint to include specific dates, material allegations, and requests for relief. Kellogg filed an Amended Complaint on September 7, 2018.

The Amended Complaint is sparse on facts and merely recites the elements of each cause of action. Kellogg states that he was arrested on August 17, 2016, at Ross Landing in Hamilton County. He had an initial appearance on August 22, 2016, and the case was bound over by the magistrate. A probable cause hearing was held on May 23, 2017. The case was ultimately dismissed on October 18, 2017. Kellogg alleges he was wrongfully arrested, wrongfully detained, and there was a wrongful institution of legal process against him.

## II. Standard of Review

Generally, complaints filed by *pro se* plaintiffs are liberally construed; however, in a motion to dismiss for failure to state a claim, the court must still consider the sufficiency of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Powell v. Denton*, 2010 WL 1491550 at *2 (E.D.Tenn. Apr. 12, 2010). Under the standard articulated by the United States Supreme Court, courts are to engage in a two-step process when considering a motion to dismiss for failure to state a claim. *Id.*

First, the court separates the complaint's factual allegations from its legal conclusions. All factual allegations, and only the factual allegations, are taken as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, the court asks whether these factual allegations amount to a plausible claim for relief. *Id.* at 555. The allegations do not need to be highly detailed, but they must do more than simply recite the elements of

2

the offense. *Id.* Specifically, the complaint must plead facts permitting a reasonable inference that the defendant is liable for the alleged conduct. *Id.* If this is not done, the claim will be dismissed. *Id.* at 570.

While a *pro se* plaintiff's complaint is liberally construed in determining whether it fails to state a claim upon which relief can be granted, lenient treatment generally accorded to *pro se* litigants has limits. *Walker v. Corwell*, 2017 WL 663093 at *3 (E.D.Tenn. Feb. 15, 2017). The federal courts do not abrogate basic pleading essentials in *pro se* actions. *Id.* For instance, federal pleading standards do not permit *pro se* litigants to proceed on pleadings that are not readily comprehensible. *Id.* Complaints containing "vague and conclusory allegations" unsupported by material facts are subject to dismissal. *Becker v. Ohio State Legal Servs Ass'n*, 19 Fed. Appx. 321, 322 (6th Cir. 2001).

### III.  Discussion

#### A.  Chattanooga Police Department

Because the Chattanooga Police Department is not a suable entity under 42 U.S.C. § 1983, but is a subdivision of the City of Chattanooga, it will be dismissed from this action. *See Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983). Accordingly, the Chattanooga Police Department is **DISMISSED** as a defendant, and the City of Chattanooga will be submitted in its place.

### B. Afton Yates

Afton Yates is sued in her official capacity as a Chattanooga Police Officer. An "official capacity" claim is in all respects treated as a suit against the City of Chattanooga. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Accordingly, Afton Yates is **DISMISSED** as a defendant, and the City of Chattanooga will be submitted in her place.

### C. False Arrest

Kellogg asserts claims for false arrest under both § 1983 and state law against the City arising out of his arrest on August 17, 2016. Tenn. Code Ann. § 28-3-104(a)(1) provides that the statute of limitations for a state claim for false arrest is one year. Thus, the state cause of action accrues on the date of arrest. *Simmons v. Gath Baptist Church,* 109 S.W.3d 370, 373 (Tenn.Ct.App. 2003). Federal district courts apply state statutes of limitations for personal injury torts in proceedings brought under § 1983. *Wallace v. Kato,* 549 U.S. 384, 387 (2007). The statute of limitations for a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the plaintiff becomes detained pursuant to legal process. *Id.* at 386.

According to the Amended Complaint, Kellogg was arrested on August 17, 2016. He had an initial appearance on August 22, 2016, and a probable cause hearing on May 23, 2017. This action was not filed until July 12, 2018. Therefore, the court finds Kellogg's claims for false arrest, both state and federal, are barred by the statute of limitations.

### D. False Imprisonment

Kellogg also asserts a claim for false imprisonment. A false imprisonment claim is also subject to a one-year statute of limitations and ends once the plaintiff becomes held pursuant to legal process, *i.e.,* when he is bound over by a magistrate or arraigned on charges. *Wallace*, 549 U.S. at 389. Here, Kellogg's alleged false imprisonment ended when he was bound over by the magistrate on August 22, 2016. Because this action was not filed until almost two years later, the court finds Kellogg's claims for false imprisonment, both state and federal, are barred by the statute of limitations.

Kellogg attempts to save his claims by arguing that "tolling should have begun on August 22, 2017." However, Kellogg offers no authority to support his argument and the court has found none. The Supreme Court in *Wallace,* rejected this argument: "Petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date." *Id.* at 390. Thus, tolling does not save Kellogg's false arrest/imprisonment claims which are untimely and will be dismissed.

### E. Malicious Prosecution

Kellogg's claim of "wrongful institution of the legal process" is a claim for malicious prosecution. *See Buchanan v. Metz,* 132 F.Supp.3d 922, 937 (E.D.Mich. 2015). For malicious prosecution claims under § 1983, the cause of action accrues, and the statute begins to run, when the underlying criminal proceeding terminates in plaintiff's favor. *Lilard v. City of Mrufreesboro,* 2009 WL 2047048 at *8 (M.D.Tenn. Jul. 10, 2009). The

5

case against Kellogg was dismissed on October 18, 2017, and his initial complaint was filed July 12, 2018, within one year of dismissal. Thus, the claim for malicious prosecution is timely.

The Sixth Circuit recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment, which encompasses "wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright,* 449 F.3d 709, 715-16 (6th Cir. 2006). The "tort of malicious prosecution" is distinct from that of false arrest, as the malicious prosecution tort remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process. *Wallace,* 549 U.S. at 390. To succeed on a malicious prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must show that a criminal prosecution was initiated against the him and that the defendant "made, influenced, or participated in the decision to prosecute." *Sykes v. Anderson,* 627 F.3d 294, 308 (6th Cir. 2010). A plaintiff must also show that there was a lack of probable cause for the criminal prosecution. *Id.*

The Amended Complaint states that Kellogg's case was "bound over to criminal court where a probable cause hearing was held and a probable cause order entered." What Kellogg is describing is an indictment by the grand jury. An indictment by a grand jury equates to a finding of probable cause. *Gordon v. Tractor Supply Co.,* 2016 WL 3349024 at *9 (Tenn.Ct.App. Jun. 8, 2016). Here, Kellogg's case was reviewed by both a magistrate and by a grand jury that found probable cause for his arrest. The Amended Complaint contains no facts to rebut the presumption that there was probable cause for Kellogg's arrested. Accordingly, the City is entitled to dismissal of the malicious prosecution claim.

### F. Muncipal Liability

A municipality may not be used under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dept. of Soc. Servs. of city of New York,* 436 U.S. 658, 694 (1978). However, a local governmental unit may be liable for civil damages in a § 1983 action when the execution of a governmental policy or the tolerance of a custom causes the deprivation of a constitutionally protected right. *Doe v. Claiborne Cnty.,* 103 F.3d 495, 507 (6th Cir. 1996). For purposes of the initial review, in order to state a claim under § 1983 for municipal liability, a plaintiff must, at a minimum, identify the municipal policy or custom that caused his injury. *Ford v. Cnty. Of Grand Traverse,* 535 F.3d 483, 495 (6th Cir. 2008). In addition, the plaintiff must show "a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). There are no allegations in the Amended Complaint of any unconstitutional policy or custom of the City. Instead, in his demand for relief, Kellogg states "The Defendant [Yates] be required to go through the necessary retraining and supervision to ensure the events do not occur again." There are no factual allegations to support any purported failure to train or supervise Officer Yates. Because Kellog's claims against Officer Yates fail, the City is entitled to dismissal of this claim. *See Fox v. DeSota,* 489 F.3d 227, 238 (6th Cir. 2007) (recognizing that there can be no municipal liability if the municipality's agent or employee did not violate the Constitution).

### G. Amendment of Complaint

Kellogg filed a response to defendant's motion to dismiss, alleging facts not previously stated in either his initial Complaint or in his Amended Complaint. Page 4 of

the response states: "Kellogg humbly requests a reprieve to update the title for Cause of Action and to include the factual allegations, as well as removing CPD and joining the City of Chattanooga as the lead entity." [R. 15]. However, no motion to amend or proposed amended complaint were filed with the court.

Pursuant to Federal Rule of Civil Procedure 15, a court may grant leave to amend "when justice so requires." Fed.R.Civ.P. 15(a). Courts must read Rule 15 in conjunction with Federal Rule of Civil Procedure 7(b), which requires that a party make such a request in a motion that states with "particularity the grounds for seeking the order." Courts in the Sixth Circuit do not look favorably upon bare requests for leave to amend in a response to a motion to dismiss when the requesting party could have filed a proper motion to amend and attached a proposed amended complaint for consideration. *See Daugherty v. Graves*, 2012 WL 523664 at *3 (E.D.Tenn. Feb. 16, 2012) (collecting cases). Moreover, Local Rule 15.1 states:

> A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of the court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.

Had Kellogg filed a motion to amend his complaint prior to the court's consideration of the motion to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the court would have considered the motion to dismiss in light of the proposed amendments to the complaint. Absent such a motion, however, defendant is entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). The court

8

recognizes that as a *pro se* litigant, Kellogg is entitled to some leniency with regard to his pleadings; however, it is well-settled that *pro se* litigants are obligated to follow federal and local rules of procedure. *See Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339 at *2 (W.D.Tenn. Jul. 12, 2010). Because Kellogg has not complied with the directive of Rule 7(b) or with the Local Rules, the court will not accept Kellogg's allegations contained in a response to a motion to dismiss as a proper motion to amend. Thus, the court has only considered the facts alleged in Kellogg's Amended Complaint. *See Johnson v. Metro Gov't of Nashville & Davidson Cnty.,* 502 Fed.Appx 523, 542 (6th Cir. 2012) (In ruling on a motion to dismiss, "The court may not … take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)").

## IV. Conclusion

In light of the foregoing discussion, defendants' motion to dismiss [R. 9] is **GRANTED**, and this action is **DISMISSED in its entirety, with prejudice.**

**ENTER.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

9